UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CAROLYN R. MARKO,

       Plaintiff,                    Case No. 2:16-cv-12204
                                            Magistrate Judge Anthony P. Patti

v.

COMMISSIONER OF SOCIAL
SECURITY,

       Defendant.
_____/

**<u>OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (DE 13), GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT (DE 14) AND AFFIRMING THE DECISION OF THE COMISSIONER OF SOCIAL SECURITY</u>**

    Plaintiff, Carolyn R. Marko, brings this action under 42 U.S.C. §§ 405(g) and 1383(c)(3) for review of a final decision of the Commissioner of Social Security ("Commissioner") denying her applications for supplemental security income ("SSI") and disability insurance benefits ("DIB").  Currently before the Court is Plaintiff's motion for summary judgment (DE 13), the Commissioner's cross-motion for summary judgment (DE 14), and the administrative record (DE 10).

    The parties have consented to my authority.  (DE 8.)  A hearing was noticed for July 13, 2017.  On that date, Plaintiff's counsel (David M. Stewart) appeared in person and AUSA Amelia Stewart appeared by telephone.

I.      **BACKGROUND**

On April 12, 2013, Plaintiff filed an initial application for DIB, followed by an application for SSI on April 30, 2013, alleging she has been disabled since October 6, 2012. (R. at 140-47, 160.) Her applications were denied and she sought a *de novo* hearing before an administrative law judge ("ALJ"). On October 3, 2014, ALJ Andrew G. Sloss held a hearing at which Plaintiff appeared and testified. (R. at 40-59.) On November 12, 2014, ALJ Sloss issued an opinion in which he found Plaintiff to not be disabled. (R. at 25-34.) On April 12, 2016, the Appeals Council denied Plaintiff's request for review. (R. at 1-4.) ALJ Sloss's opinion thus became the Commissioner's final decision and Plaintiff timely commenced the instant action.

   A.      **Plaintiff's Medical History and Hearing Testimony**

Plaintiff's medical history and hearing testimony will be discussed as necessary in the Analysis section below.

   B.      **The Administrative Decision**

In his November 12, 2014 decision, the ALJ first concluded that Plaintiff met the insured status requirements through September 30, 2014. (R. at 27.) At

**Step 1** of the sequential evaluation process,[1] the ALJ found that Plaintiff had not engaged in substantial gainful activity since October 6, 2012. (Id.)

At **Step 2**, the ALJ found that Plaintiff had the following severe impairments: degenerative disc disease of the lumbar spine, bilateral carpal tunnel syndrome, osteoarthritis, and rheumatoid arthritis. (R. at 27.) At **Step 3**, the ALJ found that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments described in 20 C.F.R. Part 404, Subpart P, Appendix 1. (R. at 28-30.)

Prior to undertaking Step 4, the ALJ evaluated Plaintiff's residual functional capacity ("RFC")[2] and determined that she could perform light work,[3] with several

---

[1] Social Security Regulations require ALJs to resolve a disability claim through a five-step sequential evaluation of the evidence. *See* 20 C.F.R. §404.1520(a)(4). Although a dispositive finding at any step terminates the ALJ's review, *see Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007), if fully considered the sequential review considers and answers five questions:

1. Is the claimant engaged in substantial gainful activity?
2. Does the claimant suffer from one or more severe impairments?
3. Do the claimant's severe impairments, alone or in combination, meet or equal the criteria of an impairment set forth in the Commissioner's Listing of Impairments, 20 C.F.R. Part 404, Subpart P, Appendix 1?
4. Considering the claimant's residual functional capacity, can the claimant perform his or her past relevant work?
5. Considering the claimant's age, education, past work experience, and residual functional capacity, can the claimant perform other work available in the national economy?

*See* 20 C.F.R. §404.1520(a)(4); *see also Henley v. Astrue*, 573 F.3d 263, 264 (6th Cir. 2009); *Foster v. Halter*, 279 F.3d 348, 354 (6th Cir. 2001).

limitations, including only frequently climbing ramps, climb stairs, or balance, and must avoid concentrated exposure to vibration. (R. at 30.) At **Step 4**, the ALJ concluded that Plaintiff was unable to perform her past relevant work. (R. at 32.) At **Step 5**, the ALJ concluded that Plaintiff was capable of performing other jobs that exist in significant numbers in the national economy. (R. at 33-34.) The ALJ therefore concluded that Plaintiff was not disabled under the Social Security Act.

## II.   STANDARD OF REVIEW

The District Court has jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). When reviewing a case under the Social Security Act, the Court "must affirm the Commissioner's decision if it 'is supported by substantial evidence and was made pursuant to proper legal standards.'" *Rabbers v. Comm'r of Soc. Sec.*, 582 F.3d 647, 651 (6th Cir. 2009) (quoting *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 241 (6th Cir. 2007)); *see also* 42 U.S.C. § 405(g) ("[t]he findings of the Commissioner of Social Security as

---

[2] The claimant's "residual functional capacity" is an assessment of the most the claimant can do in a work setting despite his or her physical or mental limitations. 20 C.F.R. §404.1545(a); *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 239 (6th Cir. 2002).

[3] "Light work involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds. Even though the weight lifted may be very little, a job is in this category when it requires a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls." 20 C.F.R. § 404.1567(b).

to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Under this standard, "substantial evidence is defined as 'more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" *Rogers*, 486 F.3d at 241 (quoting *Cutlip v. Sec'y of Health & Human Servs.*, 25 F.3d 284, 286 (6th Cir. 1994)). In deciding whether substantial evidence supports the ALJ's decision, the court does "not try the case *de novo*, resolve conflicts in evidence or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Rogers*, 486 F.3d at 247 ("It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant."). Furthermore, the claimant "has the ultimate burden to establish an entitlement to benefits by proving the existence of a disability." *Moon v. Sullivan*, 923 F.2d 1175, 1181 (6th Cir. 1990).

Although the substantial evidence standard is deferential, it is not trivial. The Court must "'take into account whatever in the record fairly detracts from [the] weight'" of the Commissioner's decision. *TNS, Inc. v. NLRB*, 296 F.3d 384, 395 (6th Cir. 2002) (quoting *Universal Camera Corp. v. NLRB*, 340 U.S. 474, 487 (1951)). Nevertheless, "if substantial evidence supports the ALJ's decision, this Court defers to that finding 'even if there is substantial evidence in the record that would have supported an opposite conclusion.'" *Blakley v. Comm'r of Soc. Sec.*,

5

581 F.3d 399, 406 (6th Cir. 2009) (quoting *Key v. Callahan*, 109 F.3d 270, 273 (6th Cir. 1997)); *see also* 42 U.S.C. § 405(g) ("The findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ."). Finally, even if the ALJ's decision meets the substantial evidence standard, "'a decision of the Commissioner will not be upheld where the SSA fails to follow its own regulations and where that error prejudices a claimant on the merits or deprives the claimant of a substantial right.'" *Rabbers*, 582 F.3d at 651 (quoting *Bowen v. Comm'r of Soc. Sec.*, 478 F.3d 742, 746 (6th Cir. 2007)).

## III. ANALYSIS

As best as the Court can discern, Plaintiff advances two arguments as to why the ALJ committed reversible error warranting remand. First, she asserts that the ALJ erred at Step 2 by only considering her degenerative disc disease, carpal tunnel syndrome, osteoarthritis, and rheumatoid arthritis as severe impairments. Second, she contends that the ALJ erred in formulating the RFC because he did not incorporate the entirety of the two physicians' opinions on which he relied. The Commissioner opposes the motion, asserting that the ALJ's decision is supported by substantial evidence. I will address each argument in turn.

### A. Briefing Requirements

As I indicated at the July 13, 2017 hearing, Plaintiff's brief did not conform to either the Local Rules or my practice guidelines. Local Rule 7.1(d)(2) mandates

6

in relevant part that "[a] brief supporting a motion or response must, at the beginning, contain a concise statement of the issues presented . . . ."  Similarly, my Practice Guidelines for Social Security cases stress the need for that separate issues presented page.  Specifically, my Practice Guidelines contain the following directions for Social Security motions:

> All motions and briefs must comply with Local Rule 7.1. The parties are particularly reminded of the requirement that all briefs must include an "Issues Presented" page. On that page, the parties shall outline the issues to be presented in their briefing. In the case of a motion for summary judgment or remand, the "Issues Presented" must indicate the error allegedly committed by the Administrative Law Judge, i.e., the bases for the appeal and grounds for reversal. Within the parties' briefs, the issues presented should be labeled as section headings, and should match the items listed on the "Issues Presented" page. Any issue addressed in the brief that is not both 1) included in Issues Presented and 2) labeled as a section heading within the brief, will not be considered by the Court.

Here, there is no "Issues Presented" page outlining the issues to be presented.  Nor are the issues labeled as section headings within the brief.  As such, it was difficult to discern the elements of the ALJ's opinion Plaintiff was challenging, although arguments at the hearing did help to resolve this issue somewhat.  Plaintiff is cautioned that future non-conforming briefs will be stricken.

    **B.**     **Step 2 Determination of Severe Impairments**

Plaintiff asserts that the ALJ should have considered her impairments of hyperthyroidism, episodes of dizziness, and female stress incontinence ("FSI"), joint disease in her left shoulder, and plantar fasciitis to be severe at Step 2.  She

further argues that the ALJ did not properly consider the impact of her obesity on the severity of her impairments. At the hearing, when asked to clarify exactly what issues were on appeal, Plaintiff's counsel narrowed his arguments to focus on the FSI and Plaintiff's weight gain. First, he argued that the ALJ erred in his conclusion that her FSI failed to meet the durational requirement to be considered a severe impairment. Second, he argued that the ALJ failed to discuss Plaintiff's weight change of 33 pounds between Dr. Nguyen's review of the records and the hearing date.

### 1. Waiver of Issues

As a preliminary matter, Plaintiff waived her arguments on these issues by failing to spell them out in her brief. The brief included general statements about the ALJ's opinion with citations to broad swaths of the record and no indication of what evidence could be found at those pages. As this Court recently held regarding a similar motion for summary judgment in a Social Security case, Plaintiff's "almost complete lack of argument development renders the majority of his arguments waived. '[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to . . . put flesh on its bones.'" *Spiteri v. Colvin*, 2015 WL 7258749, at *3 (E.D. Mich. Nov. 9, 2015) (Stafford, M.J.) (footnote omitted),

*report and recommendation adopted at* 2015 WL 8538036 (E.D. Mich. Dec. 11, 2015) (Michelson, J.) (quoting *McPherson v. Kelsey,* 125 F.3d 989, 995–96 (6th Cir. 1997)) (footnote, citation and internal quotation marks omitted); *see also Mitcham v. Detroit*, 355 Mich. 182, 203 (1959) ("It is not enough for an appellant in his brief simply to announce a position or assert an error and then leave it up to this Court to discover and rationalize the basis for his claims, or unravel and elaborate for him his arguments, and then search for authority either to sustain or reject his position."). The administrative record in this case is nearly 800 pages long, and the Court will not search the record for potential arguments or evidence beneficial to Plaintiff. *Jones v. Comm'r of Soc. Sec.*, 2013 WL 4748083, at *8 (N.D. Ohio Sept. 4, 2013) ("[I]t is not the Court's function to search the administrative record for evidence to support [Plaintiff's] 'argument' or find law supporting [his or] her claims. This Court does not conduct a *de novo* review in social security proceedings, and certainly cannot be expected to craft an argument on [Plaintiff's] behalf.") (quotation marks and citations omitted).

### 2. Issues Raised at Oral Argument

To the extent Plaintiff's counsel clarified her arguments during the hearing, her position is unavailing because the ALJ's conclusions are supported by substantial evidence. It was Plaintiff's burden at Step 2 to establish that these impairments limited her ability to do basic work activities, and she failed to do so.

*See* 20 C.F.R. §§ 404.1521(a); *Jones v. Comm'r Soc. Sec.*, 336 F.3d 469, 474 (6th Cir. 2003). For example, the ALJ concluded that her FSI was non-severe because her last report of it occurred in early 2013, demonstrating that it did not meet the durational requirement to be considered a severe impairment. *See* Soc. Sec. Ruling 85-52 (to be considered severe, an impairment must have lasted or be expected to last for at least 12 continuous months). During the hearing, Plaintiff's counsel noted that her FSI met the durational requirements because it was reported on November 26, 2013 (R. at 505), January 21, 2014 (R. at 534), March 20, 2014 (R. at 532), and May 14, 2014 (R. at 530). However, a review of those treatment notes reveals only the brief remark stating "Urinary incontinence yes." (R. at 505, 534, 532, and 530.) This does not indicate the severity of the issue, whether Plaintiff reported FSI, the frequency, amount, or triggers to the condition, her prognosis, whether non-surgical treatment was given, whether it was worsening, or anything else bearing on the severity of the impairment. The ALJ's conclusion that the evidence in the record did not establish a severe impairment is supported by substantial evidence in the record, including the treatment notes to which Plaintiff cited.

      **C.**    **Plaintiff's RFC is Supported by Substantial Evidence**

Plaintiff's RFC is "the most [he or she] can still do despite the physical and mental limitations resulting from [his or] her impairments." *Poe v. Comm'r of*

*Soc. Sec.*, 342 F. App'x 149, 155 (6th Cir. 2009); s*ee also* 20 C.F.R. §§ 404.1545(a), 416.945(a). The determination of Plaintiff's RFC is an issue reserved to the Commissioner and must be supported by substantial evidence. 20 C.F.R. §§ 404.1527(3), 416.927(e). "'ALJs must not succumb to the temptation to play doctor and make their own independent medical findings.'" *Simpson v. Comm'r of Soc. Sec.*, 344 F. App'x 181, 194 (6th Cir. 2009) (quoting *Rohan v. Chater*, 98 F.3d 966, 970 (7th Cir. 1996)).

Pursuant to Social Security Rule 96-8p, the RFC assessment must include:

> [A] narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g., daily activities, observations). In assessing RFC, the adjudicator must discuss the individual's ability to perform sustained work activities in an ordinary work setting on a regular and continuing basis (i.e., 8 hours a day, for 5 days a week, or an equivalent work schedule), and describe the maximum amount of each work-related activity the individual can perform based on the evidence available in the case record. The adjudicator must also explain how any material inconsistencies or ambiguities in the evidence in the case record were considered and resolved.

S.S.R. 96-8-, 1996 WL 374184, at *6-7. "Although SSR 96–8p requires a 'function-by-function evaluation' to determine a claimant's RFC, case law does not require the ALJ to discuss those capacities for which no limitation is alleged." *Delgado v. Comm'r of Soc. Sec.*, 30 F. App'x 542, 547 (6th Cir. 2002). Instead, the ALJ '"need only articulate how the evidence in the record supports the RFC

11

determination, discuss the claimant's ability to perform sustained work-related activities, and explain the resolution of any inconsistencies in the record.'" *Id.* (quoting *Bencivengo v. Comm'r of Soc. Sec.,* No. 00–1995, 251 F.3d 153, slip op. at 5 (3d Cir. Dec. 19, 2000)).

### 1. Light Work

In assessing Plaintiff's RFC, the ALJ gave great weight to the opinions of consultative examiner, Dr. Lazzara, and the reviewing State Agency physician, Dr. Nguyen, but Plaintiff asserts that he erred by failing to "include all of their acknowledged impairments." (DE 13 at 5.) She specifically argues that Dr. Lazzara's opinion that she could walk between 4-6 hours in an 8-hour work day, could carry, push, and pull less than twenty pounds, and could occasionally stoop, squat, and recover were not included in the RFC and are inconsistent with light work. Likewise, she notes that Dr. Nguyen's opinion that she should avoid repetitive flexion and extension of the wrists was not included in the RFC. However, the ALJ was not required to adopt the opinions in their entirety and Plaintiff has not demonstrated that she was further limited than the RFC. *See Reeves v. Comm'r of Soc. Sec.*, 613 F. App'x 267, 275 (6th Cir. 2015) ("Although the ALJ gave great weight to Dr. Torello's opinion, he was not required to incorporate the entirety of her opinion, especially those findings that are not substantially supported by evidence in the record."). Moreover, there is nothing

12

inconsistent with a limitation to light work and the findings of Drs. Lazzara and Nguyen.  *See* 20 C.F.R. §§416.967(b) (Light work "involves lifting no more than 20 pounds at a time" and "a good deal of walking or standing . . . with some pushing and pulling of arm or leg controls.")  In addition, the ALJ's decision not to incorporate pushing, pulling, or flexion limitations was supported by Dr. Lazzara's opinion, in which he concluded that Plaintiff had "no evidence of joint laxity, crepitance, or effusion," that her "[g]rip strength remain[ed] intact," and that she had only "mild difficulty" squatting and hopping.  (R. at 498.)

### 2. Obesity

Plaintiff also asserts that the ALJ erred in giving great weight to Dr. Nguyen's opinion with respect to her obesity, given that she gained approximately 33 pounds from the time of Dr. Nguyen's August 15, 2013 review and the October 3, 2014 hearing.  However, the ALJ's treatment of her obesity is also supported by substantial evidence.  When obesity is at issue, an ALJ need not employ a "particular mode of analysis" when considering its impact.  *Bledsoe v. Barnhart*, 165 F. App'x 408, 411-12 (6th Cir. 2006).  The ALJ must, however, "consider the claimant's obesity in combination with other impairments at all stages of the sequential evaluation."  *Nejat v. Comm'r of Soc. Sec.*, 359 F. App'x 574, 577 (6th Cir. 2009).  While there is no longer a Listing for obesity, "obesity may increase the severity of coexisting or related impairments to the extent that the combination

13

of impairments meets the requirements of a listing." S.S.R. 02-1P.  The burden is on Plaintiff to show specifically "how the obesity, in combination with other impairments, limited her [or his] ability to a degree inconsistent with the ALJ's RFC determination."  *Smith v. Astrue*, 639 F. Supp. 2d 836, 846-47 (6th Cir. 2009).

Here, the ALJ explicitly considered her obesity in his opinion, noting that the "medical evidence of record does not indicate that the claimant's obesity contributes to any other severe impairment" and nevertheless positing that he "accounted for her obesity by limiting her to light work."  (R. at 30 and 32.)  Plaintiff has not demonstrated how the obesity, in combination with her other impairments, limited her ability to a degree inconsistent with light work.  Moreover, although her counsel pointed out a significant weight gain from the time of Dr. Nguyen's review and the hearing, Plaintiff did not testify to the effects of her increasing obesity at the hearing.  *See, e.g., Griffith v. Comm'r of Soc. Sec.*, No. Civ. A. 12-10579, 2014 WL 1213257, at *19 (E.D. Mich. Feb. 14, 2014) *report and recommendation adopted*, No. 12-15079, 2014 WL 1224807 (E.D. Mich. Mar. 24, 2014) (noting that Plaintiff's failure to testify about the limiting effects of obesity provided was evidence supporting the ALJ's limited consideration).  Accordingly, I find no error in the ALJ's analysis of Plaintiff's obesity.

### 3. Use of a Cane

At the hearing, Plaintiff's counsel argued that the ALJ failed to account for her use of a cane, noting that she was prescribed a "walking cane" on September 11, 2014. (R. at 757.) Plaintiff asserts that the use of the cane would render her unemployable, although she does not specify why that it so. Her counsel pointed to the Vocational Expert's ("VE") testimony at the October 3, 2014 hearing, but it is unclear if he was referring to the VE's testimony that it would be work preclusive if she was unable to lift more than ten pounds or stand for less than two hours per day. (*See* R. at 57.)

As a preliminary matter, Plaintiff waived her argument related to the cane, only including one line in her brief stating the following: "After the radiofrequency lesioning failed, Dr. Sripada noted that she was prescribing a cane, which [Plaintiff] had already been using for several years." (DE 13 at 7.)

Even if Plaintiff had not waived this argument in her brief, the ALJ's opinion is supported by substantial evidence. Plaintiff testified before the ALJ that she used a cane every time she left the house, but the ALJ found her testimony to be less than credible. (R. at 30 and 50.) Plaintiff does not challenge that credibility finding and nothing in Dr. Sripada's mere prescription for a cane provides evidence to indicate the frequency with which the cane should be used, its purpose, or its limit upon Plaintiff's ability to perform light work. Plaintiff reported to Dr. Lazzara that she used a cane only "on occasion," and he observed

15

that she walked with a "widebased gait without the use of an assist device." (R. at 497, and 500.) He further found her motor strength to be normal. (R. at 500.) In sum, there is nothing in the record to indicate that Plaintiff was required to use a cane more than "occasionally," let alone constantly, and that such use would preclude her from performing light work. Case law in this district has found that the use of a cane does not preclude light work. *See Latham v. Comm'r of Soc. Sec.*, No. 16-CV-10690, 2017 WL 1173773, at *3 (E.D. Mich. Mar. 30, 2017); *McCloud v. Comm'r of Soc. Sec.*, No. 13-14619, 2015 WL 12684332, at *1 (E.D. Mich. Mar. 18, 2015); *Perdue v. Colvin*, No. 15-cv-14006, 2017 WL 362668, at *6 (E.D. Mich. Jan. 9, 2017) *report and recommendation adopted* 2017 WL 976790 (E.D. Mich. Mar. 14, 2017) (finding that the claimant was properly limited to light work "given the lack of documentation that a cane was medically necessary . . . ."). Here, substantial evidence supports the ALJ's conclusion and Plaintiff has not demonstrated that she is more limited than her RFC.

## IV. CONCLUSION

From a review of the record as a whole, the Court concludes that the ALJ unerringly applied the correct legal standards in reaching his decision and substantial evidence in the record supports his findings. Accordingly, Plaintiff's motion is **DENIED**, Defendant's motion is **GRANTED**, and the decision of the Commissioner of Social Security is **AFFIRMED.**

**IT IS SO ORDERED.**

Dated: July 21, 2017          s/Anthony P. Patti
                              Anthony P. Patti
                              UNITED STATES MAGISTRATE JUDGE

### Certificate of Service

I hereby certify that a copy of the foregoing document was sent to parties of record on July 21, 2017, electronically and/or by U.S. Mail.

                              s/Michael Williams
                              Case Manager for the
                              Honorable Anthony P. Patti